LaRAMORE, Judge,
delivered the opinion of the court:
This is a suit by a former Reserve officer in the United States Army for disability retired pay. The only question involved is whether or not in rating plaintiff’s percentage of *494 disability the provisions of the Career Compensation Act of 1949,63 Stat. 802, were complied with. The facts in this case are as follows:
Plaintiff first served on active duty as an officer during World War II where he saw combat service with the ski troops. In 1946 he was released from active duty and then recalled as a first lieutenant on November 13, 1950, after the outbreak of the Korean War. During his second tour of duty, plaintiff was sent before a Physical Evaluation Board which found him physically unfit to perform the duties of his office. The disability was described as a “prolapsed rectum, persistent,” of a moderate degree of severity and determined to be permanent. The board further found that the disability was service connected and described in the Veterans Administration Schedule for Eating Disabilities 1945, as amended, under Diagnostic Code No. 7334, with the degree of disability set at 30 percent.
The findings of the Physical Evaluation Board were reviewed by the Army Physical Beview Council which found that the plaintiff was fit for retention in the service and, therefore, should not be discharged or retired for physical disability. This action of the Beview Council was reversed by the Army Physical Disability Appeals Board which made the following finding:
The Army Physical Disability Appeal Board concurs in the findings of the Physical Evaluation Board in the case of First Lieutenant John F. Hordechuck, 01 327 440 Inf-OBC, except that portion relating to percentage of disability which it finds to be 10 percent ana accordingly recommends that he be separated from the service because of physical disability.
This finding of the Appeals Board was approved by the Secretary of the Army and accordingly plaintiff was released on December 20,1951, from active duty by reason of physical disability, with severance pay as provided by section 403 of the Career Compensation Act, supra. In March 1952, plaintiff filed an application with the Army Board for the Correction of Military Becords requesting that his rating of disability be corrected to show a rating of 30 rather than 10 percent. The Correction Board denied plaintiff’s request *495 and concluded that he had been properly rated at 10 percent under Code 7332 which was used as an analogy to Code 7334.
At the time plaintiff was separated from the service, Code No. 7334 of the Veterans Administration Schedule for Eating Disabilities provided:

Percent

Diagnostic Code 7384, Rectum, prolapse of:
Persistent, severe (or complete)_ 50
Moderate, persistent or frequently recurring_ 30
Code No. 7332 of the same schedule which was used by analogy in order to reach the 10 percent disability rating provided:

Percent

Rectum and anus, impairment of sphincter control * * *
Constant slight, or occasional moderate leakage_ 10
Authority for analogous ratings is also found in the Veterans Administration Schedule for Eating Disabilities at page 7 under the heading “General Policy in Eating Disability” which states in pertinent part:
When an unlisted condition is encountered it will be permissible to rate under a closely related disease or injury in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous. [Italics ours.]
It is the position of the plaintiff that the analogous rating of 10 percent under Code 7332 for a listed condition described as a prolapse of the rectum was unauthorized under the Veterans Administration schedule and therefore in violation of section 402 of the Career Compensation Act, supra. Section 402 of the Career Compensation Act provides that where the Secretary of the service involved determines that a member is unfit to perform the duties of his office by reason of a service-connected disability, and that such disability is 30 percent or more under the Standard Schedule of Eating Disabilities in current use by the Veterans Administration, then such member shall be entitled to disability retirement.
Here the Secretary determined that plaintiff was unfit to perform the duties of his office because of a prolapsed rectum, and that such condition was service connected. He further determined that the rating to be attached to plaintiff’s dis *496 ability was to be 10 percent. We believe that tbe Secretary acted contrary to tbe Career Compensation Act.
Tbe Disability Appeals Board found tbat tbe Physical Evaluation Board was correct in its diagnosis of plaintiff’s condition. It only reversed tbe 30 percent disability rating by reducing that to 10 percent. This we believe was unauthorized because tbe schedule states, supra, that in tbe case of a prolapsed rectum, persistent, moderate, tbe lowest percentage of disability to be assigned is 30 percent. In other words, if a member of tbe service is to be diagnosed as having such a condition he must be rated under Code No. 7334, and because that Code carries a minimum percentage of 30 percent the individual automatically becomes eligible for retirement under the Career Compensation Act. The schedule contains no authority for reducing percentages beyond those found in the schedule itself. However, where the condition as found is not described in the schedule, it is permissible for the service to rate the member by analogy to another similar ailment. The defendant claims that this was done in plaintiff’s case because the Appeals Board felt that he did not have a moderate case but only slight and should not be rated the 30 percent minimum under Code No. 7334, but should be rated at 10 percent which was the minimum rating provided for in Code No. 7332. This explanation was tendered to the Correction Board by the Appeals Board during the investigation of plaintiff’s request for a correction of his records. At no time did the Appeals Board change its original finding that it “concurs in the findings of the Physical Evaluation Board.” Since the finding of the Physical Evaluation Board was to the effect that plaintiff had a prolapse of the rectum, persistent, with moderate severity ratable under Code No. 7334, the action of the Appeals Board in rating by analogy to Code No. 7332 was without authority in the Veterans Administration schedule. It follows that the Secretary’s approval of the Appeals Board’s findings as to percentage of disability was. contrary to the provisions of the Career Compensation Act and that plaintiff is entitled to the minimum rating of 30 percent under diagnostic Code No. 7334.
Plaintiff is entitled to recover retirement pay as authorized under the Career Compensation Act from the date of his re *497 lease from active duty to date of judgment, less severance pay and Veterans Administration compensation received by him. The amount of recovery will be determined pursuant to Eule 38 (c) of the rules of tbis court.
It is so ordered.
EdgeRTON, Circuit Judge, sitting by designation; MaddeN, Judge; Whitaker, Judge, and Jones, Chief Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the report of Trial Commissioner Paul H. McMurray, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff entered the military service on June 4, 1943, was commissioned a Second Lieutenant, Army of the United States, on November 16, 1944, a First Lieutenant on January 31, 1946, and served continuously in active duty from June 4, 1943 to March 1, 1946. On November 13, 1950, plaintiff was recalled to active duty for an extended period of time in excess of 30 days. He was a leader of a platoon of ski troops, saw combat service in Italy in 1945 and received various decorations for his military service.
2. While on his second tour of duty, plaintiff was, upon the recommendation of a Medical or Disposition Board, directed to appear before a Physical Evaluation Board. The Board convened on August 13, 1951 and, after a hearing, found that plaintiff was physically unfit to perform the duties of his office by reason of physical disability incurred in line of duty and as the proximate result of the performance of duty; that said disability was “prolapsed rectum, persistent” of a moderate degree of severity; that the disability is described in the Veterans Administration Schedule for Eating Disabilities 1945 as amended, under Diagnostic Code No. 7334; that the disability was permanent and that the degree of disability was 30%.
3. The findings of the Physical Evaluation Board were reviewed by the Army Physical Eeview Council and the Army Physical Disability Appeals Board. The Eeview Council found, on November 15, 1951, that plaintiff was physically fit for retention on active duty. Plaintiff filed a *498 written rebuttal to tlie finding of tlie Physical Review Council, and this, together with the proceedings of the Physical Evaluation Board, Physical Review Council, Veterans Administration records and A. G. 201 File (Army), were reviewed by the Army Physical Disability Appeal Board.
4. On December 10, 1951, the Army Physical Disability Appeal Board made the following finding:
The Army Physical Disability Appeal Board concurs in the findings of the Physical Evaluation Board in the case of First lieutenant John F. Hordechuck, 01327 440 Inf-ORC, except that portion relating to percentage of disability which it finds to be 10 percent and accordingly recommends that he be separated from the service because of physical disability.
This finding was approved by the Secretary of the Army and on December 20,1951, plaintiff was released from active duty by reason of physical disability with severance pay. On January 15,1952, plaintiff was discharged from his commissions in the Army of the United States and the Army Reserve, having been found to be permanently physically disqualified for general military service.
5. At the time of plaintiff’s release from active duty, the Veterans Administration Schedule for Rating Disabilities, 1945, as amended, contained the following rating under Diagnostic Code No. 7334:
Diagnostic Code 7334, Rectum, prolapse of: Percent
Persistent, severe (or complete)-:_ 50
Moderate, persistent or frequently recurring_ 30
The Veterans Administration Schedule for Rating Disabilities contained no rating other than the above for persistent prolapse of rectmn. The original rating in the said Schedule for persistent prolapse of rectum had been 50%, but on July 6, 1950, this rating was amended to provide a 50% and 30% rating, the latter being the minimum rating for this condition.
6.On February 21, 1952, the Veterans Administration rated plaintiff’s disability as 30% disabling under the Veterans Administration Schedule for Rating Disabilities, 1945, as amended, Diagnostic Code No. 7334. That rating was made effective December 21,1951.
*499 7. In March 1952, plaintiff filed an application with the Army Board for the Correction of Military Records requesting that his rating be corrected from 10% to 30% as required by the Veterans Administration Schedule for Rating Disabilities.
8. The Correction Board concluded that plaintiff’s disability was properly rated by the Army Physical Disability Appeal Board at 10% under Diagnostic Code No. 7332 of the Veterans Administration Schedule for Rating Disabilities.
9. Diagnostic Code No. 7332 contains no reference to or rating for prolapsed rectum, persistent. It relates to the condition described as “impairment of sphincter control”. Beginning as early as 1945 the applicable Rating Schedule has contained a provision (under Code 7334) to the effect that post-operative residuals of prolapsed rectum will be rated as for impairment of sphincter control. Plaintiff has never undergone surgery and, accordingly, has no post-operative residuals.
The only authorized ratings for plaintiff’s condition are contained in Diagnostic Code No. 7334 and the minimum rating, made effective July 6, 1950, by Par. 23 of Extension 7 of the Rating Schedule, is 30%.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is entitled to recover, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c) of the rules of this court.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on June 5, 1959, that judgment for the plaintiff be entered for $6,142.58.