Laramoke, Judge,
delivered the opinion of the court;
Plaintiff, an Air Force Reserve officer, retired for physical disability in 1960, sues to recover the difference between 75 percent of the basic pay of a colonel with over 20 years’ service, to which he claims entitlement, and 50 percent of the basic pay of a colonel with over 20 years’ service, which he has received. Plaintiff contends that his disability rating should be 80 percent or, alternatively, at least 70 percent, and the denial of such percentage of disability is arbitrary, capricious, or unlawful.
The record shows that at the time plaintiff retired on August 5, 1960 his percentage of disability was determined *26 to be 50 percent. Subsequently, tlie Air Force Board for Correction of Military Records concluded that this determination was erroneous and unjust, and that plaintiff’s proper percentage of disability, effective August 5, 1960, was 60 percent.[1]
The material facts pertaining to this case are as follows:
Plaintiff was ordered to extended active duty as a second lieutenant, Air Corps, Officers’ Reserve Corps, February 8, 1941. He thereafter served on active duty in the Army and, later, in the Air Force, continuously to August 5,1960, when he was retired in the grade of colonel under the provisions of Title IV, Career Compensation Act of 1949, 63 Stat. 802, as amended (now codified as sections 1201 and 1312, Title 10, United States Code), as permanently unfit for military service by reason of physical disability of 50 percent.
In September 1942, plaintiff was hospitalized with an admitting diagnosis of carcinoma of the rectum, incurred in line of duty, and eight days later, at Brooke General Hospital, Fort Sam Houston, Texas, he underwent the excision of a benign rectal tumor. He remained at Brooke for several months, and while there he underwent the incision and drainage of an ischiorectal abscess January 26, 1943; a fistulotomy March 26, 1943; and the removal of a silver wire around the internal sphincter May 8, 1943. He was returned to duty July 26,1943.
Subsequently, plaintiff developed anal stricture and incontinence of the external sphincter, and in September 1946 he was hospitalized for these conditions. On January 2, 1947, he was operated on at Brooke General Hospital for repair of the external sphincter and excision of scar tissue of the anus. In May of 1947 he was returned to duty with final diagnoses of incontinence of anal sphincter, postoperative, incomplete, and anal stricture, postoperative, incomplete, both following operative procedure in 1942, and both incurred in line of duty. Medical examinations on May 14, 1947, and in 1948, 1951, 1952, 1953, and 1954, resulted in findings that plaintiff was physically qualified for the per *27 formance of flying duties. He was rated a Command Pilot February 14,1956.
On July 17, 1956, plaintiff was admitted to the 2750th TJSAF Hospital, Wright-Patterson Air Force Base, Ohio, with conditions which were definitely established as terminal ileitis and segmental colitis. On August 20, 1956, while so hospitalized, plaintiff was operated on: 12 to 16 inches of the terminal ileum (part of the small intestine),[2] and the ascending colon and the transverse colon (parts of the large intestine) [3] were resected (removed).[4]
On December 21, 1959, following plaintiff’s hospitalization at the United States Naval Hospital, Chelsea, Massachusetts, he was certified by the Air Surgeon General as physically disqualified for flying and perhaps generally disqualified for military service. On February 12, 1960, a medical board at L. G. Hanscom Field, Bedford, Massachusetts, found plaintiff unqualified for general service and recommended that he receive further evaluation and disposition.[5]
On June 6,1960, plaintiff duly appeared before a medical board convened at Walter Reed Army Medical Center. The board found that he was totally and permanently disabled, with diagnoses of regional enteritis; segmental ulcerative colitis; acquired surgical absence of distal 15 inches of ileum, ascending colon, and proximal four-fifths of the transverse colon; and anal stricture and anal sphincter incontinence; it recommended that he be ordered to appear before an Air Force Physical Evaluation Board.
On June 9, 1960, a physical evaluation board convened at Andrews Air Force Base, Washington, D.C., found plaintiff permanently unfit for military service, and recommended his *28 permanent retirement with a combined disability rating of 72 percent for the following diagnoses:
1. Rectum and anus, impairment of sphincter control manifested by incontinence and frequent involuntary movements (50%).
2. Enterocolitis regional, manifested by recurrent abdominal pain and short transit time of ingested foods (30%).
3. Absence, acquired, surgical, distal ileum, ascending and proximal transverse colon with moderate symptoms (20%).
On June 24,1960, the Air Force Physical Review Council, after review of the proceedings of the physical evaluation board, recommended that plaintiff’s disability rating be reduced to 40 percent. Plaintiff submitted a timely rebuttal to tins recommendation, and on July 11,1960, the Air Force Physical Disability Appeal Board found that plaintiff was permanently unfit for military service by reason of physical disability with the following diagnoses:
Rectum and anus, impairment of sphincter control, under diagnostic code number 7332, with a disability rating of thirty (30) percent. Enterocolitis regional, under diagnostic code numbers 7399-7323, with a disability rating of ten (10) percent. Absence, acquired, surgical, distal ileum, ascending and transverse colon, under diagnostic code number 7329, with a disability rating of twenty (20) percent.
Tire said board further found plaintiff’s combined disability rating to be 50 percent. By order of the Secretary of the Air Force, plaintiff was retired August 5,1960, in the grade of colonel, as permanently unfit for. military service by reason of physical disability of 50 percent.
Effective August 6, 1960, plaintiff was awarded a combined disability rating of 80 percent by the Veterans Administration... The Veterans Administration’s said determination was based upon plaintiff’s military medical records, and included an award of “40 percent for service-incurred absence, acquired, surgical, distal ileum, ascending and proximal transverse colon with symptoms.”
*29 On October 20, 1960, plaintiff applied to the Air Force Board for the Correction of Military Records for a- correction of his military records to reflect his retirement in the grade of colonel effective August 5, 1960, as permanently unfit for duty by reason of physical disabilities of 80 percent. In support of his said application, plaintiff set forth, generally, the above facts. Plaintiff also set forth the provisions of the Veterans Administration Schedule for Bating Disabilities, 1957 edition, pertaining to ratings for resection of the small and large intestines, as follows:[6]
7828 Intestine, small, resection of Rating
With, marked interference with absorption and nutrition, or with symptoms of severe adhesions_ 60
With moderáte interference with absorption and nutrition, or with symptoms' of moderate adhe-sions ____ 40
7829 Intestine, large, resection of
With severe symptoms, including moderate adhesions- 40
With slight or moderate symptoms_ 20
On November 22,1961, the Air Force Board for the Correction of Military Records held a hearing upon plaintiff’s application, at which plaintiff appeared, testified, and offered oral argument. Thereafter, the Correction Board found, generally, the foregoing facts, and, specifically, that in 1956 plaintiff had undergone surgical removal (resection) of the “entire transverse colon, ascending colon and 12 to 16 inches of the terminal ileum * * Following the hearing the Correction Board concluded that while an error or injustice had occurred, in plaintiff’s case, the said error or injustice lay only in the failure of plaintiff’s records to reflect that his diagnosis of “rectum and anus, impairment of sphincter control” was 50 percent disabling, and that his total disability rating was 60 percent.
The Correction Board then recommended that plaintiff’s records ¡be corrected, in pertinent part, to show that on August 5, 1960, he was permanently unfit for military service *30 with a total combined compensable rating of 60 percent by reason of the following diagnoses:
Rectum and anus, impairment of sphincter control, VA Code 7332, rated at 50%; Enterocolitis, regional, VA Code 7399-7323, rated at 10%; Absence, acquired, surgical, distal ileum, ascending and transverse (sic), VA Code 7329, rated at 20%.
The findings, conclusions and recommendations of the Correction Board were approved August 30, 1962, by the Assistant Secretary of the Air Force. From August 6,1960, to the present, plaintiff has been paid disability retirement pay only at the rate of 50 percent of the basic pay of a colonel with over 20 years’ service.
Under the above facts, this court is called upon to decide whether'the failure and refusal of the Air Force Board for Correction of Military Records and the Secretary of the Air Force to correct plaintiff’s military record to reflect a combined disability rating of more than 60 percent is, in the facts and circumstances of this case, arbitrary, capricious, and unlawful.
From the record there is no question as to plaintiff’s impairment of sphincter control and the consequent rating of 50 percent disability. Nor is there question as to his rating of 10 percent for regional enterocolitis. The action of the Correction Board and the Secretary of the Air Force is unquestioned insofar as these disabilities are concerned. Respecting plaintiff’s other alleged disabilities, there can be no question that plaintiff underwent the operations; i.e., he did have a resection of his large and small intestines. The only question then is, should he have been rated a disability percentage on each resection.
What plaintiff complains of is that the Correction Board only gave him a 20 percent disability rating prescribed for resection of the large intestine alone and that he is entitled to be rated a 40 percent disability for resection of the small intestine.
Defendant makes two arguments — first, it says plaintiff did not have the prescribed requisite symptomatology to enable him to be rated higher. Secondly, defendant contends *31 that to combine 'a rating for resection of the large and small intestines would amount to pyramiding, which is prohibited.
With respect to defendant’s first contention regarding symptomatology, the only evidence pointed out to us on this subject, which the Correction Board had before it to consider, was that contained in plaintiff’s medical record wherein the June 6, 1960, Medical Board, convened at Walter Reed Army Hospital, found that his resections corresponded to “VA Code #7328, intestine, small, resection of, with moderate interference of absorption; and VA Code #7329, intestine, large, resection of, with slight or moderate symptoms.” We are directed to no evidence to the contrary, and in these circumstances we believe the Correction Board was in error in not rating plaintiff on each resection, providing such a rating does not amount to pyramiding.
Respecting defendant’s argument that to rate both would amount to pyramiding, it seems clear that the manifestations of plaintiff’s intestinal resections are separate and distinct. We can find nothing in the record which teaches us that resection of the small intestine produces the same symptoms as resection of the large intestine. Nor can we find evidence that “impairment of sphincter control” leads to the same result, as further contended by defendant. Clearly, the small intestine performs a different function than the large. In other words, each of the resections produces a different manifestation. As a matter of fact, the Veterans Administration itself awarded plaintiff a 40' percent disability for the resection of his small intestine, as well as a disability rating for the large. True, the Veterans Administration’s findings are not binding on this court, but its determinations of the degree of disability may well be persuasive. Andrews v. United States, 163 Ct. Cl. 126 (1963).
We are persuaded that the Veterans Administration’s determination, coupled with the Physical Evaluation Board’s findings and the Medical Board’s findings, all of which were before the Correction Board, show clearly that plaintiff’s disabilities come within the Veterans Administration Schedule for Rating Disabilities. That being so, the rule of the Hordechuok case applies; i.e., when a member of the *32 military service is diagnosed as having a condition described in the Veterans Administration Schedule, and the code for that condition carries with it “a minimum percentage” rating, the member is automatically entitled to at least that rating, there being no authority for reducing percentages beyond those found in the schedule itself. Hordechuck v. United States, 144 Ct. Cl. 492.
We think the decision of the Correction Board and the Secretary was arbitrary and not supported by the evidence. The Correction Board and the Secretary of the Air Force, under the facts presented, should have corrected plaintiff’s record to reflect a combined disability rating of 80 percent. In other words, his major disability, impairment of sphincter control, and his regional enterocolitis, are, respectively, 50 percent and 10 percent disabling. Allusion to tire Combined Ratings Table, at pages 10-11 of the Veterans Administration Schedule for Rating Disabilities, 1957 Edition, shows that a 50 percent disability, combined with a 10 percent disability, results in a combined rating of 55 percent. When a 40 percent rating for plaintiff’s resection of the small intestine, 'and a 20 percent rating for resection of the large intestine, are combined with the 55 percent, the result is a 78 percent combined disability rating. This, rounded to the nearest whole number, means that he is 80 percent disabled, which entitles plaintiff to 75 percent of the basic pay of his grade.
Plaintiff’s motion for summary judgment is granted, and defendant’s cross-motion is denied. Judgment is entered for plaintiff to the effect that he is entitled to the difference between 75 percent of the basic pay of a colonel with over 20 years’ service and 50 percent of the basic pay of a colonel with like service. The exact amount of plaintiff’s recovery will be determined pursuant to Rule 47(c) (2) of the Rules of this court.
In accordance with the opinion of the court and a memorandum report of the commissioner as to. the amount due thereunder, it was ordered on March 29,1965, that judgment for the plaintiff be entered for $11,166.75.

 Plaintiff has not been paid the 10 percent difference based upon his corrected record, and consequently no argument is offered contesting his entitlement to that difference in his retired pay.

 See Stedman’s Medical Dictionary (18th ed. 1953), p. 675.

 The ascending colon and the transverse colon are separate parts of the-large intestine. Id., at 305.

 Resect: “* * * to cut out a segment of a part, as of the Intestine.” Id.,. at 1179.

 The medical board noted in part that a "considerable portion of the small' bowel and major part of the large bowel [had been], removed, resulting in-chronic diarrhea, restriction of diet and need for continual use of anti-diarrheal medication.”

 See Veterans Administration Schedule for Rating Disabilities, 1957 edition, page 92. ’ .